TORRES, PLAINTIFF AND APPELLEE, *v.* VIDAL, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 2277.—Decided December 16, 1920.

AUTOMOBILE—EVIDENCE.—It is very difficult for experienced persons to determine the speed of an automobile in miles or kilometers and more so for persons who, like the plaintiff and his witnesses in this case, clearly were not experienced, but a person of average intelligence may estimate and testify as to whether an automobile was running at "great speed" or at "very great speed" and his testimony may give the court a basis upon which to reach a conclusion on that point.

ID.—NEGLIGENCE—DAMAGES.—The owner of any motor vehicle is responsible for damages caused by the negligence of the driver or chauffeur while the owner is in the vehicle. This special case is governed by section 17 of Act No. 75 of 1916 and not by section 1804 of the Revised Civil Code.

The facts are stated in the opinion.

*Mr. J. Tous Soto* for the appellant.

*Mr. R. Martínez Nadal* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Manuel Torres brought an action against Eduardo Vidal to recover $10,000 damages. The case went to trial on complaint and answer and after the evidence had been examined the trial court entered judgment against the defendant for the sum of five hundred dollars, together with the costs, expenses, disbursements and attorney fees. The findings of the trial court were as follows:

"On April 7, 1918, while plaintiff Manuel Torres was riding on horseback along the public road between Juana Díaz and Coamo, upon rounding a very sharp curve at the place called Yagüez he heard an automobile coming and for that reason pulled his horse to the right very close to the right-hand drain of the road.—The automobile belonged to defendant Eduardo Vidal and he was traveling in it at the time, his driver being Carlos Padilla, a chauffeur. The automobile skidded and struck the horse which the plaintiff was riding, inflicting upon it a longitudinal wound in the left rump and throwing the plaintiff against a tree on the right-hand side of of the road, causing the said plaintiff internal injuries in the chest which produced a hemorrhage. Thereafter he was attended by Dr. Igaravídez and found to have suffered the fracture of some ribs and a consequent swelling of the pleura, leaving him with an injured thorax and incapacitated for heavy work. As a result of the injuries received the plaintiff was confined to his bed for thirty-four days and suffered continuous pain. He had worked as a ploughman and earned from two to three dollars a day. From the testimony as a whole the court concludes that the cause of the accident was the excessive speed of the automobile in rounding the curve, the court finding, therefore, that the accident was due to the negligence of the driver, which, according to the law applicable to this case, amounts to the negligence of the defendant."

The defendant appealed to this court and in his brief assigned the commission of two errors, as follows: 1, the court erred in holding that the driver was negligent in rounding the curve at an excessive rate of speed as a result of which the automobile skidded and struck the horse which the plaintiff was riding, thus causing the accident; 2, the court erred in holding that the negligence of the driver is

chargeable to the owner, for the owner showed that he exercised such diligence as a good father of a family would have exercised to avoid the accident.

In his brief the distinguished attorney for the appellant analyzes the evidence with great ability for the purpose of establishing his contention that the court could not find in it a sufficient basis for its findings on which the judgment is based.

We have examined that evidence and in our judgment it is sufficient to support the findings. It is very difficult even for experienced persons to determine in miles or kilometers the rate of speed at which an automobile is running and much more so for those who, like the plaintiff and his witnesses, clearly had no such experience; but a person of average intelligence may form an opinion and testify to his impression of whether an automobile was going at "great speed" or "very great speed." See the case of *People* v. *Blandford,* 23 P. R. R. 580.

Besides, according to the evidence for the plaintiff, which the court believed, the plaintiff took the extreme right-hand side of the road and there he and the horse on which he was riding were struck and wounded by the defendant's automobile. In order that this would happen the defendant's automobile necessarily had to skid and this occurs generally when a curve is rounded at a great rate of speed.

As to the second error, it will be sufficient to cite the provision of section 17 of Act No. 75 of 1916 that "the owner of any motor vehicle shall be responsible for damage caused by the negligence of the operator or *chauffeur* while such owner is in the vehicle." In the present case it was shown not only that the owner of the automobile, the defendant, was in the vehicle, but also that he was on the front seat with the *chauffeur*.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.